IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| P TECH, LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ARTHREX, INC.,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>) C.A. No. 21-968 (MN)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

Patricia Smink Rogowski, ROGOWSKI LAW LLC, Wilmington, DE; Robert M. Evans, Jr., Michael J. Hartley, LEWIS RICE LLP, St. Louis, MO – Attorneys for Plaintiff

Kelly E. Farnan, RICHARDS, LAYTON & FINGER, P.A., Wilmington, DE; Megan S. Woodworth, Robert C. Tapparo, VENABLE LLP, Washington, DC; Manny J. Caixeiro, VENABLE, LLP, Los Angeles, CA; Robert E. Bugg, VENABLE, LLP, New York, NY – Attorneys for Defendant

May 11, 2022
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Before the Court is the motion (D.I. 11) of Defendant Arthrex, Inc. ("Arthrex" or "Defendant") to transfer this case to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, the Court DENIES Defendant's motion.[1]

## I. BACKGROUND

On June 30, 2021, P Tech, LLC ("Plaintiff") filed a complaint alleging that several of Defendant's products infringe one or more claims of six U.S. Patents. (D.I. 1). Plaintiff is a Delaware corporation with a principal place of business in Riverview, Florida, in the Middle District of Florida. (D.I. 1 ¶ 1). P Tech's sole member and an inventor of the asserted patents, Dr. Peter Bonutti, resides in Florida and previously initiated and litigated a patent suit against Arthrex in the Middle District of Florida through another of his corporate entities, Bonutti Skeletal Innovations. Other inventors listed on the asserted patents live in Illinois and Michigan.

Defendant maintains its global headquarters in Naples, Florida, in the Middle District of Florida. (D.I. 12, Ex. A, Sodeika Decl. ¶ 2). Defendant's design, development and manufacturing facilities are also located in the Middle District of Florida, as are all personnel with relevant knowledge of the operation, manufacture, sale and marketing of the products accused of infringement and all documents relating to those products. (*Id.* ¶¶ 3-5). In addition, **t**wo former Arthrex employees, Don Shuler and Bill Benavitz, who may have relevant knowledge of the design, development, and distribution of the products accused of infringement reside in the Middle District of Florida. (*Id.* ¶ 10).

---

[1] On November 22, 2021, Plaintiff filed a motion for leave to file a surreply with the proposed surreply attached. (D.I. 20). Plaintiff's motion is DENIED. Arthrex's Reply in support of the motion to transfer venue did not raise any "new evidence, facts, or arguments" meriting a sur-reply. *St. Clair Prop. Consultants, Inc. v. Samsung Elecs. Co.*, 291 F.R.D. 75, 80 (D. Del. 2013).

On September 22, 2021, Defendant moved to transfer this case to the Middle District of Florida. (D.I. 11).[2] Plaintiff opposes transfer.

## II. LEGAL STANDARD

"A plaintiff, as the injured party, generally ha[s] been 'accorded [the] privilege of bringing an action where he chooses.'" *Helicos Biosciences Corp. v. Illumina, Inc.*, 858 F. Supp. 2d 367, 371 (D. Del. 2012) (quoting *Norwood v. Kirkpatrick*, 349 U.S. 29, 31 (1955)). Plaintiff's choice of location in bringing the action "should not be lightly disturbed." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).

District courts have the authority to transfer venue "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Third Circuit has made clear that, to find that an action "might have been brought" in a district, "venue must have been proper in the transferee district and the transferee court must have had power to command jurisdiction over all of the defendants." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir. 1970).

If a court finds that an action "might have been brought" in the proposed transferee district, the court must then consider whether transfer is appropriate. To these ends, the Third Circuit has recognized that:

> courts have not limited their consideration to the three enumerated factors in § 1404(a) (convenience of parties, convenience of witnesses, or interests of justice), and, indeed, commentators have called on the courts to "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum."

---

[2] This case was assigned to the undersigned from The Honorable Leonard P. Stark on March 11, 2022.

2

*Jumara*, 55 F.3d at 879 (citation omitted).  The *Jumara* court went on to describe twelve "private and public interests protected by the language of § 1404(a)."  *Id*.  The private interests include:

> plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Id.* (citations omitted).  The public interests include:

> the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879-80.  The party seeking transfer bears the burden "to establish that a balancing of proper interests weigh[s] in favor of transfer."  *Shutte*, 431 F.2d at 25.  Courts have "broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer."  *Jumara*, 55 F.3d at 883.  However, "unless the balance of convenience of the parties is strongly in favor of [the] defendant, the plaintiff's choice of forum should prevail."  *Shutte*, 431 F.2d at 25.

### III.  DISCUSSION

As an initial matter, the Court addresses the threshold inquiry under § 1404(a) – *i.e.*, whether this action might have originally been brought in the transferee district.  Defendant argues that this action could have originally be brought in the Middle District of Florida where Defendant has its principal place of business and where the products were designed and developed.  Plaintiff does not dispute that.  The Court agrees that this case could have been filed in the Middle District of Florida, where Arthrex resides.  Thus, Court addresses the *Jumara* factors in turn below.

3

1.      Plaintiff's Forum Preference

This factor weighs against transfer. "It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request" – one that "should not be lightly disturbed." *Shutte*, 431 F.2d at 25 (internal quotations and citation omitted). "Assuming jurisdiction and proper venue, weight is given to plaintiff's choice because it is plaintiff's choice and a strong showing under the statutory criteria in favor of another forum is then required as a prerequisite to transfer." *Burroughs Wellcome Co. v. Giant Food, Inc.*, 392 F. Supp. 761, 763 n.4 (D. Del. 1975).

Defendant recognizes that Plaintiff's choice was to litigate in Delaware and that this weighs against transfer. Defendant nevertheless argues that Plaintiff's choice should be given little deference given Plaintiff's "lack of presence in this district." (D.I. 12 at 6). Plaintiff argues that its choice of forum is to be given "paramount consideration" regardless of its connections to Delaware. (D.I. 17 at 7).

The Court agrees with Plaintiff. Although Plaintiff's choice of forum is not dispositive, the Court will "not discount Plaintiff[s'] choice of forum based on a lack of physical ties to Delaware." *Abraxis Bioscience, LLC v. HBT Labs, Inc.*, No. 18-2019 (RGA), 2019 WL 2270440, at *2 (D. Del. May 28, 2019). This Court follows the reasoning in *Burroughs Wellcome*, in which Judge Stapleton found that the Third Circuit's rule that plaintiff's choice is of paramount consideration is "an across-the-board rule favoring plaintiff's choice of forum." 392 F. Supp. at 762-63; *see also VLSI Tech. LLC v. Intel Corp.*, No. CV 18-966-CFC, 2018 WL 5342650, at *4 (D. Del. Oct. 29, 2018). As Judge Stapleton noted, "assuming [plaintiff's choice] is to be given some weight in cases where the plaintiff lives in the forum state, it is difficult to see why it should not also be given weight when the plaintiff lives in [another] state." *Burroughs Wellcome*, 392 F. Supp. at 763 n.4. This Court does not see a distinction here that justifies affording less

4

weight to Plaintiff's choice of forum. Plaintiff's choice to litigate in Delaware remains entitled to paramount consideration.

### 2. Defendant's Forum Preference

This factor favors transfer. Defendant's interest in having this case transferred to the Middle District of Florida is apparent.

### 3. Whether the Claims Arose Elsewhere

This factor is neutral. Defendant contends that this factor favors transfer because "all Arthrex activities related to the research, design, development, manufacturing and marketing of the Accused Products occurred in the Middle District of Florida." (D.I. 12 at 7). The Court acknowledges that these facts may weigh slightly in favor of transfer. *See In re Hoffman-La Roche, Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009); *see also Smart Audio Techs., LLC v. Apple, Inc.*, 910 F. Supp. 2d 718, 730 (D. Del. 2012) ("[T]o some extent, [infringement] claims ar[i]se where the allegedly infringing products [a]re designed and manufactured." (quotation marks and citation omitted) (alterations in original)). Patent-infringement claims, however, arise wherever alleged infringement has occurred. *See Treehouse Avatar LLC v. Valve Corp.*, 170 F. Supp. 3d 706, 710 (D. Del. 2016) (citing 35 U.S.C. § 271(a); *Red Wing Show Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1360 (Fed. Cir. 1998)). And it is noteworthy that neither Defendant nor its corporate declarant assert that the accused products are not used or sold in this District. Indeed, as Plaintiff points out, Defendant's website advertises partnerships with companies who "distribute[] innovative orthopedic products" in Southern Delaware and Defendant's products are "displayed in advertising materials for medical centers in Delaware." (D.I. 17 at 10-11). In its reply papers, Defendant ignores this point. Selling or offering to sell the accused products in Delaware would constitute an alleged act of infringement within the meaning of § 271(a), thereby

giving rise to a claim that arises in this District.  Therefore, the Court concludes that this factor is neutral.

                    4.        Convenience of the Parties as Indicated by Their Relative Physical and Financial Condition

This factor is neutral.  Determining convenience of the parties requires the Court to consider:  (1) the parties' physical location; (2) the associated logistical and operational costs to the parties in traveling to Delaware – as opposed to the proposed transferee district – for litigation purposes; and (3) the relative ability of each party to bear these costs in light of its size and financial wherewithal.  *See MEC Resources, LLC v. Apple, Inc.*, 269 F. Supp. 3d 218, 225 (D. Del. 2017) (citing *Memory Integrity, LLC v. Intel Corp.*, No. 13-1804 (GMS), 2015 WL 632026, at *4 (D. Del. Feb. 13, 2015) (internal quotations omitted)).  Because Defendant is a Delaware corporation, it "must prove that litigating in Delaware would impose a unique or unusual burden on [its] operations." *Graphics Props. Holdings Inc. v. Asus Comput. Int'l, Inc.*, 964 F. Supp. 2d 320, 325 (D. Del. 2013) (alteration in original) (internal quotation marks and citation omitted); *see also Universal Secure Registry, LLC v. Apple, Inc.*, No. 17-585 (CFC) (SRF), 2018 WL 4502062, at *3 (D. Del. Sept. 19, 2018) ("When a party accept[s] the benefits of incorporation under the laws of the State of Delaware, a company should not be successful in arguing that litigation in Delaware is inconvenient, absent some showing of a unique or unexpected burden." (internal quotation marks and citation omitted) (alteration in original)).

Here, Defendant argues that transferring to the Middle District of Florida would be more convenient because Defendant is headquartered in that district and the design and manufacture of its accused products are there.  Defendant, however, is incorporated in Delaware and must demonstrate that litigating here "would impose a unique or unusual burden on [its] operations." *Graphics Props. Holdings*, 964 F. Supp. at 325.  Thus, even if the Court accepts the asserted

6

reasons that make litigating in that district more convenient for Defendant, the Court is unable to conclude that Defendant cannot shoulder the burden of litigating here instead or that this would present some unique hardship on Defendant.[3]

### 5. Convenience of the Witnesses

This factor is neutral. This factor carries weight "only to the extent that the witnesses may actually be unavailable for trial in one of the fora." *Jumara*, 55 F.3d at 879; *see also VLSI*, 2018 WL 5342650, at *7 (citing *Smart Audio*, 910 F. Supp. 2d at 732 (noting that this factor applies only insofar as "a witness actually will refuse to testify absent a subpoena")). "[W]itnesses who are employed by a party carry no weight" because "each party is able, indeed, obligated to procure the attendance of its own employees for trial." *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 203 (D. Del. 1998). "[T]he Court should be particularly concerned not to countenance undue inconvenience to third-party witnesses[] who have no direct connection to the litigation." *Intellectual Ventures I*, 842 F. Supp. 2d at 757.

Here, each party has identified potential non-party witnesses who may be inconvenienced in one forum or the other. (D.I. 12 at 10; D.I. 17 at 15-16). Defendant has identified two former employees with relevant knowledge of the design and development of the products accused of infringement, both of whom live in the Middle District of Florida. Plaintiff has identified employees of Liberty Surgical, Inc., located in nearby West Chester, Pennsylvania regarding Arthrex-approved training of doctors to use the accused products. And Plaintiff has identified two co-inventors of the asserted patent who are not employees of Plaintiff – one of whom lives in Michigan and the other in Illinois. No party, however, has provided any specificity as to reasons

---

[3] In fact, Defendant made no attempt to show that litigating here would present a unique or unexpected hardship on its operations (*e.g.*, diverting resources, etc.) and thus, there is no basis for the Court to conclude otherwise.

there are to think that any of these potential witnesses "will 'actually' be unavailable for trial (as opposed to the proffer of a guess or speculation on that front.)" *Genedics, LLC v. Meta Co.*, No. CV 17-1062-CJB, 2018 WL 417950, at *7 (D. Del. Jan. 12, 2018). Thus, the Court considers this factor neutral.

      6.      <u>Location of Books and Records</u>

This factor slightly favors transfer. *Jumara* instructs the Court to give weight to the location of books and records necessary to the case only "to the extent that the files [and other evidence] could not be produced in the alternative forum." *Jumara*, 55 F.3d at 879. Defendant argues that this factor favors transfer because substantially all of Defendant's relevant books and records are located in the Middle District of Florida as are conception, development and construction of embodiments of the asserted patents. (D.I. 12 at 11). "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). That being said, the Third Circuit has instructed that the relevant consideration here is whether the evidence could not be produced in the competing fora. *See Jumara*, 55 F.3d at 879. With the state of technology in litigation today and the ease with which documentary evidence can be produced electronically, the Court finds that this factor – although favoring transfer – should be afforded minimal weight. *See, e.g.*, *Blackbird Tech LLC v. E.L.F. Beauty, Inc.*, No. 19-1150-CFC, 2020 WL 2113528, at *4 (D. Del. May 4, 2020); *Intellectual Ventures I*, 842 F. Supp. 2d at 759. Therefore, this factor weighs in favor of transfer, but only slightly.

7. Enforceability of the Judgment

This factor is neutral as judgments from this District and the Middle District of Florida would be equally enforceable.

8. Practical Considerations

This factor is neutral. The Court must consider "practical considerations that could make the trial easy, expeditious, or inexpensive." *Jumara*, 55 F.3d at 879. Defendant argues that this factor weighs in favor of transfer because both Plaintiff and Defendant are headquartered in the Middle District of Florida. (D.I. 12 at 11). In response, Plaintiff argues that Defendant is simply repeating its arguments for other factors and that these considerations should not be double-counted. (D.I. 17 at 15). The Court agrees with Plaintiff. Defendant's contentions "have been raised, in the same way, as to other *Jumara* factors, and so the Court will not 'double-count' them here." *Elm 3DS Innovations LLC v. SK Hynix, Inc.*, No. 14-1432 (LPS) (CJB), 2015 WL 4967139, at *11 (D. Del. Aug. 20, 2015). Therefore, because there is no broader public benefit to this case proceeding in this Court versus the Middle District of Florida (or vice versa), this factor is neutral. *See W.R. Berkley Corp. v. Niemela*, No. 17-32 (GMS), 2017 WL 4081871, at *4 (D. Del. Sept. 15, 2017) (finding factor to be neutral when "neither party addresse[d] the broader public costs of proceeding in one district or the other").

9. Relative Administrative Difficulty Due to Court Congestion

This factor is neutral. The Court takes judicial notice of the most recent Judicial Caseload Profiles, as of December 31, 2021.[4] The Middle District of Florida appears to be somewhat less congested than this District: Delaware reports 600 pending cases per judgeship and averaging 36.5 months to trial compared with 573 pending cases per judgeship and 28.7 months to trial in the

---

4 https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile1231.2021.pdf

Middle District of Florida. The pending caseloads are comparable. And although the time to trial is slightly faster in the Middle District of Florida, the Court finds this factor to be largely neutral.

          10.         Local Interest in Deciding Local Controversies at Home

This factor is neutral. Defendant argues that this factor "weighs heavily in favor of transfer, because both of these parties operate their businesses from the Middle District of Florida." (D.I. 12 at 13). The Court disagrees. "[I]n patent infringement cases the local interest factor is typically neutral 'because patent issues do not give rise to a local controversy or implicate local interests.'" *Intellectual Ventures I LLC v. Checkpoint Software Techs. Ltd.*, 797 F. Supp. 2d 472, 486 (D. Del. 2011) (quoting *TriStrata Tech., Inc. v. Emulgen Labs., Inc.*, 537 F. Supp. 2d 635, 643 (D. Del. 2008)). Although Defendant does have connections with the Middle District of Florida, the Court finds it relevant that Defendant is a global company with a employees throughout the world.[5] This suggests that Defendant is not a "local" company in the Middle District of Florida such that local interests are, in fact, implicated here. *See, e.g.*, *Rosebud LMS, Inc. v. Salesforce.com, Inc.*, No. 17-1712-CFC, 2018 WL 6061343, at *7 (D. Del. Nov. 20, 2018) ("Salesforce, with thousands of employees in dozens of countries, is not a 'local' company; and its dispute with Rosebud, which does not reside in California, is not a 'local controversy' in the Northern District."). Thus, in the Court's view, this factor is neutral.

          11.         Public Policies of the Fora

Defendant contends that this factor is neutral. In the Court's view, however, this factor weighs slightly against transfer because both Plaintiff and Defendant are Delaware corporations and public policy encourages Delaware corporations to resolve disputes in Delaware courts. *See,*

---

[5]     Defendant does not dispute that it is a multinational company with thousands of employees across the world. (*See* D.I. 17 at 19).

*e.g., Graphics Props. Holdings Inc.*, 964 F. Supp. 2d at 331 (even where only one party is a Delaware corporation, public policy encouraging Delaware corporations to resolve disputes in Delaware weighs against transfer).

      12.      <u>Familiarity of the Trial Judge with the Applicable State Law in Diversity Cases</u>

The parties agree that this factor is neutral as Plaintiff's claims arise under federal patent laws and the familiarity of the respective districts with state law is not applicable.

      13.      <u>Balancing the Private and Public Factors</u>

After balancing the twelve *Jumara* factors, the Court concludes that this case should not be transferred to the Middle District of Florida. Eight factors are neutral, and two factors weigh in favor of transfer, with one favoring transfer only slightly. Two factors weigh against transfer, including Plaintiff's choice of this forum, which is to be given paramount consideration. Looking at the factors together and giving each its appropriate weight, Defendant has failed to meet the heavy burden of showing that the *Jumara* factors weigh strongly in favor of transfer.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss or transfer the case is DENIED. An appropriate order will follow.